1　John E. Glowney
　　A. Ingrid Anderson
2　STOEL RIVES LLP
　　600 University Street, Suite 3600
3　Seattle, WA  98101
　　Telephone:  (206) 624-0900

4

5

6

7

8

　　　　　　　　　　　UNITED STATES DISTRICT COURT
9　　　　　　　　　EASTERN DISTRICT OF WASHINGTON
　　　　　　　　　　　　　　AT SPOKANE
10

| | |
|---|---|
| 11　AEGIS, MISSION ESSENTIAL PERSONNEL, L.L.C., | No. |
| 12　　　　　　　　Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND ACCOUNTING |
| 13　　　v. | |
| 14　UNIVERSAL FUNDING CORPORATION, | |
| 15　　　　　　　　Defendant. | |
| 16 | |

17　　　　　Plaintiff, Aegis, Mission Essential Personnel LLC ("Aegis"), states its

18
　　claims against Defendant Universal Funding Corporation ("Universal") as follows:
19

20　　　　　　　　　　　　　**I.　　PARTIES**

21　　　　　**1.**　　Plaintiff Aegis is an Ohio limited liability company with its principle

22
　　place of business located in Columbus, Ohio.
23

24　　　　　**2.**　　Defendant Universal is a Washington corporation doing business in

25　Spokane County, Washington.

26　COMPLAINT FOR BREACH OF
　　CONTRACT, DECLARATORY
　　JUDGMENT, INJUNCTIVE
　　RELIEF, AND ACCOUNTING - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

## II.    JURISDICTION AND VENUE

**3.**    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of Ohio and Washington, and the amount in controversy exceeds $75,000.

**4.**    Venue is proper in the United States District Court for the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because this judicial district is where the defendant resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## III.    FACTS

**5.**    On or about March 9, 2005, Aegis and Universal entered into a factoring agreement (the "Purchase Agreement").

**6.**    Under the terms of the Purchase Agreement, Aegis agreed to transfer and assign certain of its accounts receivable ("Accounts") to Universal.  In exchange, Universal agreed to promptly advance a percentage of the value of each such Account to Aegis and upon collection in full of each such Account, pay over to Aegis the remaining sums, less any service fees and deductions properly due Universal.

**7.**    The Accounts assigned to Universal under the Purchase Agreement related to work Aegis provided to the State Department of the United States of

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 2

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

America ("State Department").  Universal required Aegis to provide an assignment of payment to the State Department.  Aegis executed all documents required by Universal for the assignment of payment.

8.      Under the terms of the Purchase Agreement, if any payment was transmitted to Aegis instead of Universal, Aegis was required to remit the funds to Universal "immediately" or Aegis would be charged a penalty fee of fifteen percent (15%) of the Account amount.

9.      On or about March 22, 2005, Aegis delivered a State Department Account to Universal in the amount of $536,151.88 (the "First Account").

10.      On or about March 24, 2005, Universal advanced $337,302.97 on the First Account.  Universal applied a 1.15% service fee to the full amount of the First Account, charged a $5,000 closing fee, and a $30.00 wire transfer fee.  After such deductions, the final payment on the First Account should have been $198,848.91.

11.      On or about April 4, 2005, the State Department wire transferred directly to Aegis $536,151.88, paying in full the First Account.  Aegis immediately forwarded this payment to Universal as required under the terms of the Purchase Agreement.

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

12. On or about April 5, 2005, Universal wired to Aegis an amount approximately $13,432.91 less than the expected $198,848.91. Universal provided no explanation of the discrepancy.

13. On or about April 29, 2005, Aegis delivered a State Department Account to Universal in the amount of $640,444.88 (the "Second Account").

14. On or about May 2, 2005, Universal advanced Aegis $408,894.05, after applying a 1.15% service fee to the full amount of the Second Account.

15. On or about May 9, 2005, Aegis delivered a State Department Account to Universal in the amount of $510,462.07 (the "Third Account").

16. Universal, in violation of its obligations under the Purchase Agreement, failed to advance any funds to Aegis on the Third Account.

17. On or about June 8, 2005, Aegis learned from Universal that Universal was wrongfully withholding the final payment on the Second Account and wrongfully refusing to advance funds on the Third Account. Aegis discovered that the State Department had made the final payment on the Second Account directly to Aegis. Aegis promptly discussed the situation with Universal and the parties agreed that Aegis would remit to Universal $464,585.13 to address the State Departments' payment directly to Universal and Universal would wire $331,800.35 (advance funds on the Third Account) back to Aegis.

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**18.**    Aegis performed as agreed and wired $464,585.13 to Universal on or about June 9, 2005.  Universal, after receiving the funds from Aegis, breached its agreement with Aegis and refused and failed to wire the $331,800.35 to Aegis. Universal also purported to assess fees in the approximate amount of $55,691.00 without providing any grounds for such assessment.

**19.**    On or about June 7, 2005, Aegis delivered an Account to Universal in the amount of $633,719.57 (the "Fourth Account").

**20.**    Universal, in violation of its obligations under the Purchase Agreement, refused to advance any funds to Aegis on the Fourth Account.

**21.**    On or about June 24, 2005, the State Department paid Universal in full on the Third and Fourth Accounts.

**22.**    On or about June 24, 2005, after receiving payment in full, Universal wrongfully transferred only a portion of the funds due to Aegis on the Third and Fourth Accounts. Universal failed and refused to pay all amounts due to Aegis on the remainder of the Third and Fourth Accounts even though Universal had been paid in full.

**23.**    On or about June 29, 2005, Aegis member and officer, Greg Miller, traveled from Cleveland, Ohio to Spokane, Washington in order to discuss with

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 5

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

1   Universal its wrongful refusal to release the remaining funds it received from the

2   State Department on both the Third and Fourth Accounts.

3

4       **24.**    After a discussion with Mr. Miller, Universal agreed to release most

5   of the funds but withheld approximately $57,475.00 from the total.  Universal

6   failed to provide Aegis any basis for such withholding.

7

8       **25.**    On or about July 11, 2005, Aegis delivered a State Department

9   Account to Universal in the amount of $385,817.65 (the "Fifth Account").

10

11      **26.**    Universal, in violation of its obligations under the Purchase

12  Agreement, failed and refused to advance, and continues to refuse to advance or

13  pay, any funds to Aegis on the Fifth Account.

14

15                    **IV.    FIRST CAUSES OF ACTION**

16                      **(Material Breach of Contract**

17           **And Breach of Duty of Good Faith And Fair Dealing)**

18

19      **27.**    Plaintiff realleges and incorporates paragraphs 1-26 as fully set forth

20  herein.

21      **28.**    Universal has materially breached the Purchase Agreement and

22  breached its duty of good faith and fair dealing by refusing to make any payment

23  on the Fifth Account; by wrongfully assessing fees in violation of the Purchase

24  Agreement; by wrongfully withholding amounts on the Third and Fourth Accounts

25

26  COMPLAINT FOR BREACH OF
    CONTRACT, DECLARATORY
    JUDGMENT, INJUNCTIVE
    RELIEF, AND ACCOUNTING - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

in violation of the Purchase Agreement; and by wrongfully assessing factoring service fees in violation of the Purchase Agreement.

**29.** Universal breached the parties agreement, made on or about June 8, 2005 relating to the Second and Third Accounts.

**30.** Aegis has been damaged by Universal's material breaches of the Purchase Agreement and breach of the duty of good faith and fair dealing.

**31.** Aegis has been relieved of any obligation of further performance by reason of Universal's material breaches of the Purchase Agreement and the June 8, 2005 agreement and the duty of good faith and fair dealing.

**32.** As a result of Universal's breaches of the Purchase Agreement, and its breach of the duty of good faith and fair dealing as described above, Aegis has sustained damages in an amount to be determined at trial.

## V.    SECOND CAUSE OF ACTION

### (Declaratory Judgment; Unenforceable Penalty)

**33.** Plaintiff realleges and incorporates paragraphs 1- 32 as fully set forth herein.

**34.** Plaintiff is entitled to a declaratory judgment declaring that the misdirected payment penalty and other charges are unenforceable penalties.

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 7

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

## VI.    THIRD CAUSE OF ACTION

## (Injunctive Relief and Accounting)

**35.**     Plaintiff realleges and incorporates paragraphs 1- 34 as fully set forth herein.

**36.**     Universal has wrongfully withheld funds to which it has no claim of any kind and Aegis is entitled to a mandatory injunction requiring that such funds be paid to Aegis.

**37.**     Universal has wrongfully refused to terminate the assignment of payment with the State Department, despite a request to do so, and Aegis is being damaged in its business relationships with other parties because of Universal's actions.  Aegis is entitled to a mandatory injunction requiring Universal to terminate the assignment of payment.

**38.**     Aegis is entitled to an accounting from Universal for all transactions, fees charged, deductions, etc.

## VII.   PRAYER FOR RELIEF

Plaintiff prays for judgment and relief as follows:

1.     Judgment for all direct, consequential, and incidental damages against Universal for its breaches of the Purchase Agreement and other agreements with Aegis in such amounts as shall be proven at trial;

COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT, INJUNCTIVE
RELIEF, AND ACCOUNTING - 8

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    2.    Judgment for all direct, consequential, and incidental damages against

2    Universal for its breach of the duty of good faith and fair dealing in an amount to

3    be proven at trial;

4

5    3.    Judgment declaring the misdirected payment fee and other fees to be

6    unenforceable penalties;

7

8    4.    Judgment for injunctive relief and an accounting;

9    5.    Judgment for Aegis' reasonable attorneys fees and costs upon any

10    basis in statute, contract or recognized ground in equity; and

11

12    6.    Judgment for such other or further legal or equitable relief as the

13    Court deems just in the premises.

14

15

16    DATED: November 8, 2005.        STOEL RIVES LLP

17

18                    /s/ A. Ingrid Anderson
                    A. Ingrid Anderson
19                    WSBA No. 33064
                    Attorneys for Plaintiff
20                    600 University Street, Suite 3600
                    Seattle, WA  98101
21                    Telephone:  (206) 624-0900
                    Facsimile: (206) 386-7500
22                    Email: aianderson@stoel.com

23                    Attorneys for Plaintiff

24

25

26    COMPLAINT FOR BREACH OF
     CONTRACT, DECLARATORY
     JUDGMENT, INJUNCTIVE
     RELIEF, AND ACCOUNTING - 9