John E. Glowney
A. Ingrid Anderson
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 624-0900

The Honorable Edward F. Shea

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| AEGIS, MISSION ESSENTIAL PERSONNEL, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL FUNDING CORPORATION, <br><br> Defendant. | No. 05-CV-351 <br><br> AEGIS' ANSWER AND AFFIRMATIVE DEFENSES TO UNIVERSAL'S COUNTERCLAIMS |

Plaintiff, Aegis, Mission Essential Personnel LLC ("Aegis"), states its answer and affirmative defenses Defendant Universal Funding Corporation ("Universal") counterclaims as follows:

1. Answering paragraph 1 of the Counterclaim, Aegis admits that Chad Monnin is a member and owner of Aegis, and states that the guaranty speaks for itself and except as so admitted and stated, denies the remaining allegations contained in paragraph 1 of the Counterclaim.

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 1

2. Answering paragraph 2 of the Counterclaim, Aegis admits that Greg Miller is a member and owner of Aegis, and states that the guaranty speaks for itself and except as so admitted and stated, denies the remaining allegations contained in paragraph 2 of the Counterclaim.

3. Answering paragraph 3 of the Counterclaim, Aegis admits that the parties discussed and negotiated a potential working arrangement in February, 2005, and that the parties executed a document related to those discussions, which document speaks for itself, and except as so admitted and stated, Aegis denies the remaining allegations contained in paragraph 3 of the Counterclaim.

4. Answering paragraphs 4, 5, 6, 7, and 8 of the Counterclaim, Aegis states that the letter of intent document speaks for itself, and except as so stated, Aegis denies the allegations contained in paragraphs 4, 5, 6, 7 and 8 of the Counterclaim.

5. Answering paragraph 9 of the Counterclaim, Aegis denies the same.

6. Answering paragraphs 10, 11, and 12 of the Counterclaim, Aegis states that the letter of intent document speaks for itself, and except as so stated, Aegis denies the allegations contained in paragraphs 10, 11, and 12 of the Counterclaim.

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 2

7. Answering paragraph 13 of the Counterclaim, Aegis states that the documents identified speak for themselves, and except as so stated, Aegis denies the allegations contained in paragraph 13 of the Counterclaim.

8. Answering paragraphs 14, 15, 16, 17, and 18 of the Counterclaim, Aegis states that the documents speak for themselves, and except as so stated, Aegis denies the allegations contained in paragraphs 14, 15, 16, 17, and 18 of the Counterclaim.

9. Answering paragraph 19 of the Counterclaim, Aegis admits the first two sentences, states that payment was sent directly to Aegis by the State Department in mid-May, 2005, and that when Aegis became aware of the payment Aegis and Universal agreed to resolve the issue without a misdirection "penalty" fee as described in paragraph 17 of Aegis' complaint, and further states that Universal breached its promise as described in paragraph 17 of Aegis' complaint, and that the misdirection "penalty" is an unenforceable penalty, and except as so stated and admitted, Aegis denies the remaining allegations contained in paragraph 19 of the Counterclaim.

10. Answering paragraph 20 of the Counterclaim, Aegis states that the parties contract speaks for itself, that the misdirection "penalty" is an

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 3

1  unenforceable penalty, and except as so stated, Aegis denies the allegations of

2  paragraph 20 of the Counterclaim.

3      11.    Answering paragraphs 21 through 31 of the Counterclaim, Aegis

4  states that the contract speaks for itself, and except as so stated, Aegis denies the

5  allegations contained in paragraphs 21-31 of the Counterclaim.

6      12.    Answering paragraph 32 of the Counterclaim, Aegis admits that Aegis

7  terminated the contract by counsel's letter and did not pay an early termination fee

8  at that time, states that Universal has failed and refused to state any claimed

9  amount due for an early termination fee and denies that Aegis owes any early

10 termination fee, and except as so admitted and stated, Aegis denies the remaining

11 allegations contained in paragraph 32 of the Counterclaim.

12     13.    Answering paragraphs 33 through 45, Aegis states that the contracts

13 identified therein speak for themselves, and except as so stated, Aegis denies the

14 allegations contained in paragraphs 33 through 45 of the Counterclaim.

15     14.    Answering paragraph 46, Aegis admits that on or about June 29, 2005,

16 Aegis member and officer, Greg Miller, traveled from Cleveland, Ohio to Spokane,

17 Washington in order to discuss with Universal its wrongful refusal to release the

18 remaining funds it received from the State Department on both the Third and

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 4

1  Fourth Accounts, and except as so admitted, Aegis denies the remaining
2  allegations contained in paragraph 46 of the Counterclaim.
3
4       15.    Answering paragraphs 47, 48, and 49 of the Counterclaim, Aegis
5  denies the same.
6
7       16.    Answering paragraph 50 of the Counterclaim, Aegis admits that Titan
8  and SAIC accounts were not forwarded to Aegis, denies any obligation to forward
9  such accounts to Aegis, and denies that Mr. Miller made any representations that
10 such accounts would be forwarded to Universal, and except as so admitted and
11
12 denied, Aegis denies the remaining allegations contained in paragraph 50 of the
13 Counterclaim.
14
15      17.    Answering paragraphs 51, 52, and 53 of the Counterclaim, Aegis
16 admits a letter was sent by Universal on or about September 7, 2005, states that the
17 letter speaks for itself, and except as so admitted and stated, Aegis denies the
18 remaining allegations contained in paragraphs 51, 52 and 53 of the Counterclaim.
19
20      18.    Answering paragraph 54 of the Counterclaim, Aegis admits that
21 Aegis' attorney had a telephone call with Universal to discuss the "default" letter
22 and except as so admitted Aegis denies the remaining allegations contained in
23
24 paragraph 54 of the Counterclaim.
25
26

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 5

19. Answering paragraph 55 of the Counterclaim, Aegis admits that its books and records have not yet been provided to Universal and except as so admitted Aegis denies the remaining allegations contained in paragraph 55 of the Counterclaim.

20. Answering paragraph 56 of the Counterclaim, Aegis denies the same.

21. Answering paragraph 57 of the Counterclaim, Aegis restates its answers to paragraphs 1-56 as if fully set forth herein.

22. Answering paragraphs 58 through 66 of the Counterclaim, Aegis denies the same.

23. Answering paragraph 67 of the Counterclaim, Aegis restates its answers to paragraphs 1-66 as if fully set forth herein.

24. Answering paragraphs 68-70, Aegis denies the same.

By way of further answer and as affirmative defenses, Aegis states as follows:

1. Universal has failed to state a claim upon which relief can be granted.

2. Universal's counterclaims are barred, in whole or in part, by laches, waiver, estoppel, or the applicable statute of limitations.

3. Universal's counterclaims are barred, in whole or in part, by its material breaches of the parties' agreements.

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 6

4. Universal's claims are barred, in whole or in part, because they violate Washington public policy.

5. Universal's claims are barred, in whole or in part, by reason of Universal's material breaches of the agreement.

Wherefore, having answering Universal's Counterclaims and stated its affirmative defenses, Aegis prays for relief as follows:

1. Judgment dismissing Universal's counterclaims with prejudice and without recovery of any kind;

2. Judgment in favor of Aegis upon its complaint;

3. Judgment for Aegis' reasonable attorneys fees and costs upon any ground provided by contract, statute, or equity;

4. Judgment for such other and further legal or equitable relief as the Court finds just in the premise.

DATED: January 30, 2006.

STOEL RIVES LLP

/s/ John E. Glowney
John E. Glowney
WSBA No. 12652
Attorneys for Plaintiff
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: jeglowney@stoel.com

Attorneys for Plaintiff

AEGIS ANSWER AND AFFIRMATIVE DEFENSES- 7