UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AEGIS, MISSION ESSENTIAL PERSONNEL, L.L.C, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL FUNDING CORPORATION, <br><br> Defendant. | NO. CV-05-0351-EFS <br><br> **ORDER GRANTING IN PART & DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendant Universal Funding Corp.'s ("Universal") Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion for Preliminary Injunction. (Ct. Rec. 26.) Universal asks the Court to require $146,000 of the Fifth Account to be placed in the Registry of the Court, rather than only $50,000 as previously ordered by the Court, contending Universal is entitled to enforce the 15% "non-immediate transferral provision" against Aegis, Mission Essential Personnel, L.L.C.'s ("Aegis") due to Aegis' failure to forward the State Department's payment on the Second Account for approximately a four week period. Aegis opposes the motion contending (1) Universal did not previously assert a right to enforce the 15% non-immediate transferral provision and, thus, waived this argument, (2) Universal cannot assert a right to enforce the 15% non-immediate

ORDER ~ 1

transferral provision because the delayed payment on the Second Account was due to Universal's failure to properly administer the collection of funds from the State Department, (3) the 15% non-immediate transferral provision is unenforceable as a matter of law, and (4) requiring additional money to be placed into the Registry of the Court would in effect be giving Universal a prejudgment writ of attachment, a remedy Universal has not shown it is entitled to.  After reviewing the submitted materials and applicable authority, the Court grants in part and denies in part Universal's motion, requiring a total of $116,125 to be deposited into the Registry of the Court, rather than $146,000 as requested by Universal.

As an initial matter, even though this reconsideration motion is filed by Universal, the underlying Order addressed Aegis' Motion for Preliminary Injunction; accordingly, the Court must determine whether its determination that Aegis is entitled to preliminary injunctive relief by requiring Universal to submit $335,817.95 to Aegis (with $50,000 also to be deposited into Registry of the Court) is appropriate.  First, even though the enforceability of the 15% non-immediate transferral provision was not previously specifically argued by the parties, the Court finds Universal did not waive its argument concerning the 15% non-immediate transferral provision.  Second, after considering the 15% non-immediate transferral provision, the Court finds Aegis failed to show a probability of successfully challenging the lawfulness of this provision.  *See Wallace Real Estate Inv., Inc.*, 124 Wash. 2d 881 (1994).  Yet, the Court finds Aegis has shown the existence of serious questions as to whether Universal can benefit from this provision, especially given that it

ORDER ~ 2

appears the first time Universal sought to enforce the 15% non-immediate transferral provision was in its Motion for Reconsideration.

However, in light of the Court's previous rulings terminating the assignment of payment by the State Department on Aegis' accounts to Universal and requiring Universal to submit $240,817.65 to Aegis, the Court finds the balance of hardships does not require Universal to submit the disputed $96,000 to Aegis.  Yet, the Court agrees with Aegis that Universal is not allowed to retain such funds during the pendency of the suit.  Accordingly, the Court requires the disputed $96,000 to be deposited in the Registry of the Court.  The Court does not agree with Universal that $146,000 needs to be deposited in the Registry of the Court.  Rather, the Court finds the deposit of $116,125 into the Registry of the Court appropriate, given that the Court has found serious questions exist as to whether Universal is entitled to the Early Termination Fee (approximately $20,125) and whether Universal may enforce the 15% non-immediate transferral provision associated with the Second Account (approximately $96,000).

For the reasons given above, **IT IS HEREBY ORDERED:**  Universal's Motion for Reconsideration **(Ct. Rec. 26)** is **GRANTED IN PART AND DENIED IN PART. Within two weeks** of entry of this Order, Universal shall submit **(1) $66,125 of the Fifth Payment to the Registry of the Court**, which shall be deposited in an interest bearing account pending resolution of the merits of this case, and **(2) $28,875 of the Fifth Payment to Aegis**. Notice of the compliance with the above Court orders shall be filed with the Court within three weeks of the date of this Order. In summary, the State Department's $385,817.65 payment on the Fifth Account is to be

ORDER ~ 3

divided as follows: $269,692.65 to Aegis and $116,125 deposited into the Registry of the Court.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies of this Order to counsel and the Financial Administrator.

**DATED** this ___9th___ day of March, 2006.


                                    S/ Edward F. Shea
                                    EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2005\0351.reconsid.wpd

ORDER ~ 4